SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV–15–351

| | |
|---|---|
| ALEASHA BLANKENSHIP<br>APPELLANT<br><br>V.<br><br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD<br>APPELLEES | Opinion Delivered November 4, 2015<br><br>APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT [NO. JV-14-1]<br><br>HONORABLE DAVID W. TALLEY, JR., JUDGE<br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

## RAYMOND R. ABRAMSON, Judge

Aleasha Blankenship appeals from the January 21, 2015 order of the Cleveland County Circuit Court terminating her parental rights to her daughter, H.S., who was then one year old. Blankenship's counsel has filed a no-merit brief pursuant to *Linker-Flores v. Arkansas Department of Human Services*, 359 Ark. 131, 194 S.W.3d 739 (2004), and Arkansas Supreme Court Rule 6-9(i), asserting that there are no issues of arguable merit to support the appeal and requesting to be relieved as counsel. Counsel's brief contains an abstract and addendum of the proceedings below and explains why there is no meritorious ground for reversal.

The clerk of this court sent copies of the brief and motion to withdraw to Blankenship's last-known address, informing her of her right to file pro se points for reversal under Arkansas Supreme Court Rule 6-9(i)(3), but the packet was returned "Unclaimed,

Unable to Forward." Blankenship's attorney has no additional contact information for her.

On December 30, 2013, the Arkansas Department of Human Services (DHS) petitioned for and obtained emergency custody of H.S. after she had tested positive for amphetamines at birth and had to be hospitalized for treatment of severe withdrawal symptoms. Blankenship admitted that she had been using methamphetamine on a weekly basis.

On February 10, 2014, the trial court found probable cause for H.S. to remain in the custody of DHS and simultaneously adjudicated H.S. dependent-neglected due to Blankenship's drug use. The circuit court ordered Blankenship to complete a drug-and-alcohol assessment and to follow its recommendations, obtain and maintain stable housing, obtain and maintain stable employment or income, complete a psychological evaluation, and submit to random drug screens.

On April 8, 2014, the court found that Blankenship had partially complied with the case plan because she had completed the psychological evaluation, had attended parenting classes and had cooperated with paternity testing. But the court also noted that DHS had difficulty locating Blankenship since she entered inpatient drug treatment on March 3, 2014, and left the same day without completing the program. In its order, the court acknowledged that Blankenship needed long-term, inpatient drug treatment and ordered her to complete an inpatient drug-treatment program that was longer than thirty days.

At the May 20, 2014 review hearing, the court found that Blankenship had not made herself available for random drug screens and had failed to enter inpatient drug treatment as

previously ordered. On June 11, 2014, DHS filed its formal petition for termination of parental rights. On September 9, 2014, the circuit court held a hearing on the petition for termination of parental rights, but it was denied. The court reasoned that it would allow Blankenship additional time to reunify with her daughter, who was less than one year old at the time.

On November 21, 2014, the court held a permanency-planning hearing and changed the goal to adoption because Blankenship had still not entered an inpatient drug-treatment program and had made no further progress in the case. In response, DHS filed a petition for termination of parental rights on December 31, 2014, which was amended on January 5, 2015. In the petition, DHS alleged that termination was in H.S.'s best interest and set forth three grounds for termination: (1) that H.S. had been adjudicated dependent-neglected and had been out of Blankenship's home for twelve months despite a meaningful effort by DHS to provide services; (2) that other factors or issues arose subsequent to the filing of the original petition for dependency-neglect to demonstrate that the placement of H.S. in Blankenship's custody would be contrary to the juvenile's health, safety, or welfare, and that despite the offer of appropriate family services, Blankenship had manifested the incapacity or indifference to remedy the situation; and (3) that Blankenship had subjected H.S. to aggravated circumstances in that it was unlikely that services would lead to reunification.

Felicia Cobb, the DHS caseworker, testified at the termination hearing that she believed DHS had done all it could do in an effort to reunite Blankenship with her daughter. Blankenship's willingness and ability to complete inpatient drug treatment was crucial for

reunification. Blankenship did not pursue these services. Cobb also testified that H.S. was adoptable and that returning custody to Blankenship would subject H.S. to potential harm because Blankenship would not address her drug issues, and she could not take care of H.S. while addicted to drugs. Following the hearing, the court entered an order on January 21, 2015, terminating Blankenship's parental rights. This appeal follows.

There is a heavy burden placed upon the party seeking to terminate the parent–child relationship. *Fox v. Ark. Dep't of Human Servs.*, 2014 Ark. App. 666, 448 S.W.3d 735. Termination of parental rights is an extreme remedy and in derogation of the natural rights of the parents. *Id.* Parental rights, however, will not be enforced to the detriment or destruction of the health and well-being of the child. *Id.*

An order forever terminating parental rights must be based on clear and convincing evidence that termination is in the child's best interest. Ark. Code Ann. § 9–27–341(b)(3)(A) (Supp. 2015). In determining whether termination is in the child's best interest, the circuit court must consider the likelihood that the child will be adopted if the termination petition is granted and the potential harm, specifically addressing the effect on the health and safety of the child, caused by returning the child to the custody of the parent, parents, or putative parent or parents. Ark. Code Ann. § 9–27–341(b)(3)(A)(i) & (ii).

Additionally, DHS must prove at least one statutory ground for termination by clear and convincing evidence. Ark. Code Ann. § 9–27–341(b)(3)(B). Clear and convincing evidence is defined as that degree of proof that will produce in the fact finder a firm conviction as to the allegation sought to be established. *Dinkins v. Ark. Dep't of Human Servs.*,

344 Ark. 207, 40 S.W.3d 286 (2001). This court does not reverse a termination order unless the circuit court's findings were clearly erroneous. *Meriweather v. Ark. Dep't of Health & Human Servs.*, 98 Ark. App. 328, 255 S.W.3d 505 (2007). In determining whether a finding is clearly erroneous, an appellate court gives due deference to the opportunity of the trial court to judge the credibility of witnesses. *Dinkins*, *supra*.

Here, the statutory requirements were met, and the trial court correctly applied the law to the facts of this case. While there was evidence to indicate that Blankenship had completed some of the court's orders, her success does not determine whether DHS's petition should be granted. What matters is whether her completion of those orders achieved the intended result which was to make her capable of caring for her child. *Wright v. Ark. Dep't of Human Servs.*, 83 Ark. App. 1, 115 S.W.3d 332 (2003). It did not. The most critical requirement imposed by the court was for Blankenship to complete inpatient drug treatment, but she never took personal responsibility for her addiction, which demonstrated that she manifested the incapacity or indifference to remedy the issues that caused the removal of her child. *See Ullom v. Ark. Dep't of Human Servs.*, 340 Ark. 615, 12 S.W.3d 204 (2000). In light of the testimony presented at the termination hearing, we hold that the circuit court's order terminating Blankenship's parental rights was not clearly erroneous, and we therefore affirm.

In accordance with Arkansas Supreme Court Rule 6-9(i)(1)(A), Blankenship's counsel has reviewed the record for all adverse rulings to the appellant made by the trial court on all objections, motions, and requests made by the party at the hearing from which the appeal arose. The termination was the only adverse ruling.

5

From our review of the record and the brief presented to us, we conclude that there was compliance with Rule 6-9 and that the appeal is without merit. Accordingly, we grant counsel's motion to be relieved and affirm the termination order.

Affirmed; motion to withdraw granted.

VAUGHT and HIXSON, JJ., agree.

*Leah Lanford*, Arkansas Public Defender Commission, for appellant.

No response.